# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DUSTIN HARWICK,**

    **Plaintiff,**

   v.                                                            Case No. 18-cv-145

**SGT. TONIA ROZMARYNOSKI,** *et al.*,

    **Defendants.**

## ORDER

Dustin Harwick is a Wisconsin state prisoner and is representing himself in this civil rights lawsuit. Presently before me are several motions concerning discovery and the defendants' motion for summary judgment. I will deny Harwick's discovery motions and give him more time to respond to the defendants' motion for summary judgment.

    1. *Motion to Compel*

Harwick has moved to compel discovery because he believes the defendants' responses to 12 of his first set of requests for admissions ("RFA") contained mistakes, were evasive, and offered unacceptable excuses. (Docket # 40 at 2.) He also argues that their response to one of his requests for the production of documents was also evasive and unacceptable. (*Id.* at 6.)

First, Harwick objects to the defendants' response to RFA 20, in which he asked defendant Eckstein to admit knowledge of Wis. Admin. Code § DOC 303.78(7)(d). Eckstein responded that there is no such section of the Code. And this is true. There is no basis for me to compel a different response.

Second, Harwick contends that defendant Alan DeGroot needs to re-respond to RFA 22. He asked DeGroot to admit that he utilized a false Department of Corrections ("DOC") policy to reject Harwick's inmate complaint, which DeGroot denied. It is not entirely clear what Harwick wants the defendants to do—he may be asking them to respond to a new question. In that case, a motion to compel is not the proper way to get them to do it. Rather, he should submit a new request for admission.

Harwick's third objection is also unclear and seems to be asking for a "redo." In RFA 35, Harwick asked DeGroot to admit that another prison official was not able to review an inmate complaint. DeGroot said he did not have sufficient knowledge to admit or deny the RFA. If Harwick wants a "redo," a motion to compel is not the proper vehicle for doing so, as stated above.

Harwick's fourth, fifth, and sixth objections relating RFAs 55, 56, and 57, respectively, are also requests for a "redo." He seems to believe there are discrepancies in the statute number and inmate complaint number, but I cannot find them. Furthermore, to the extent there are discrepancies, Harwick does not say why they matter. There is no basis for me to compel the defendants to offer a different response with respect to these requests for admission either.

Harwick next complains that defendant Rozmarynoski's response to RFA 4 was inadequate. In it, Harwick asked her to admit that she knew he intended to use the inmate complaint system with respect to the incident underlying this lawsuit. Rozmarynoski responded that she lacked sufficient knowledge to admit or deny the request. Harwick counters that Rozmarynoski did have sufficient knowledge because she was served with his complaint and exhibits. But the fact he filed a lawsuit does not mean she knew that he

intended to use the inmate complaint system. While she has knowledge that he did do so (based on this lawsuit), that does not mean she had knowledge before being served with the complaint. There is no evidence that her response to RFA 4 was not representative of her knowledge (or lack thereof).

Harwick also challenges Rozmarynoski's response to RFA 7, which asked her to admit that a particular supervisor contacted with respect to this underlying incident. She stated she lacked sufficient knowledge. While Harwick has evidence that this supervisor did contact her, it does not mean that she could remember it. Her response was based on her personal recollection and not evasive.

Next, Harwick argues that the answers to RFAs 24 and 44 are inadequate. He asked DeGroot to admit being put on notice of Wis. Admin. Code § DOC 303.76(7)(d) via one of his inmate complaints (GBCI-2017-30325). He responded to RFA 24 by admitting only that Harwick had filed the complaint and responded to RFA 4 by saying he lacked sufficient knowledge because § DOC 303.76(7)(d) does not exist. As with § DOC 303.78(7)(d) at issue above, this is not an improper response. Neither RFA 24 nor 44 require me to compel the defendants to respond differently.

Harwick also argues that Eckstein and DeGroot did not follow DAI Policy 300.00.01 and their admission that they were trained in that policy is untrue. However, his requests to admit asked only if they were trained in the policy—not whether they followed it. Their admission to being trained, therefore, is sufficient. I will not compel a different response based on what Harwick believes was a failure to follow that policy.

Next, Harwick argues that the supplemental response to his first set of requests for the production of documents ("RPD") was not sufficient. RPD 4 asked the defendants to

3

> Identify, produce, and attach a copy of any and all documents that are written informal/formal statement, electronic communication documents (E-mails, memorandums, internal communications, incident reports, and interdepartmental correspondence), between defendants Alan DeGroot and Scott Eckstein regarding complaint and rejection of complaint GBCI-2017-9976. DeGroot's 310.01's procedure dictates a need to contact the staff member the complaint is against.

The defendants state they have produced all documents responsive to this request, including some outside the scope of the request (out of an abundance of caution). I appreciate that Harwick may be frustrated that there were not more documents responsive to his request, but the defendants cannot produce documents that don't exist. The defendants have complied with his request.

Finally, Harwick argues that the defendants failed to provide him with documents about defendant Eckstein's position as warden in response to his RPD 14. According to Harwick, the defendants produced documents outlining a former warden's position. However, the defendants explain that the information in the position description is the same because the position does not change with the identity of the warden. Harwick is asking for Eckstein's position description, and the defendants provided it.

In sum, Harwick has not presented any basis for me to order the defendants to respond differently or more thoroughly to any of his requests for admission or his request for the production of documents. His motion is denied.

2. *Motion to Clarify*

After the defendants responded to his motion to compel, Harwick filed a motion to clarify. First, he asked about RPD 14 with respect to the position description for defendant Eckstein. I have already explained why the defendants' production in response to that

4

request was sufficient and I need not repeat it here. Second, Harwick argues that the defendants are misconstruing the record with respect to the non-existent administrative code sections discussed above—sections 303.76(7)(d) and 303.78(7)(d). However, the defendants did not misrepresent the record. Neither section currently exists. I note that part of Harwick's argument is that the defendants somehow misrepresented the record by citing to 303.78(7)(d). But though Harwick cited to 303.76(7)(d) in his actual requests for admissions (*see* docket # 44-2), he did cite to 303.78(7)(d) in his motion to compel (*see* docket # 40). So when the defendants responded to his motion, they likely picked up that number from his brief. There is no reason to believe they were misrepresenting the record. And they responded to Harwick's properly-cited requests for admissions, and their responses are the subject of his motions.

Also, the defendants did provide an explanation that helps shine light on another reason why this has become a problem: in denying an inmate complaint, DeGroot *did* cite § DOC 303.76(7)(d). That is likely where Harwick got this number. However, DeGroot was mistaken when he cited that statutory section. § DOC 303.76(7)(d) no longer exists, though it used to. And it would have been the proper citation if it hadn't been renumbered in September 2014. That is, the substance of the law is the same though the section number has changed. Now that counsel has explained this, there is still no basis to compel different or more responses from the defendants.

3. *Motion for Extension of Time to Complete Discovery*

Harwick has also moved to extend the amount of time he has to conduct discovery. The scheduling order set the deadline as September 6, 2019. When Harwick sent his third set of discovery requests, counsel for defendants sent a letter explaining that Harwick was

5

not within the timeline because he sent it fewer than 30 days before the deadline. Harwick says this is not something he agreed to. But as explained in the scheduling order, parties must serve their requests at least thirty days before the discovery deadline to allow the opposing party enough time under the rules to respond by the deadline. That is, each party has 30 days to respond to a discovery request. If the deadline is fewer than 30 days away from the date the request is served, it is untimely. The defendants were not obligated to respond to an untimely request.

I also note that Harwick is looking for information about an official named Dan Cromwell. He explains that he did not realize the defendants were going to rely on Cromwell's job criteria to defend the claims against them. However, I have reviewed the submissions for summary judgment. The defendants do not appear to rely on anything about Cromwell (other than pointing out that Harwick was not under a work supervisor's supervision). I will deny Harwick's motion. His requests were untimely and the information he seeks does not appear to be necessary to oppose the defendants' motion for summary judgment such that reopening discovery would be necessary.

4. *Motions Relating to Summary Judgment*

Harwick has also filed two motions with respect to summary judgment. First, he has asked for more time to file his own motion and to set aside the defendants' motion. I will not set aside the defendants' motion, but I will grant Harwick more time to respond to their motion and, if he believes filing for summary judgment is appropriate, to file his own motion. The defendants have filed their reply and oppose his extension of time, but Harwick timely filed his request to set aside the motion and extend his time. I will not preclude him from responding to the motion. He has until **December 27, 2019** to do so. I remind Harwick

to follow Federal Rule of Civil Procedure 56 and Civil Local Rule 56 when responding to the defendants' motion (and when filing his own motion if he decides to do so).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Harwick's motion to compel (Docket # 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Harwick's motion to clarify (Docket # 45) is **DENIED**.

**IT IS ALSO ORDERED** that Harwick's motion for an extension of time to conduct discovery (Docket # 47) is **DENIED**.

**IT IS FURTHER ORDERED** that Harwick's motion to set aside the defendants' motion for summary judgment (Docket # 63) is **DENIED**.

**IT IS ALSO ORDERED** that Harwick's motion for an extension of time, substitution, and settlement (Docket # 55) is **GRANTED** to the extent that he has until **December 27, 2019** to file a response to the defendants' motion for summary judgment and, if he finds it appropriate, to file his own motion for summary judgment. If he fails to respond to the defendants' motion, or explain why he cannot do so, I will grant their motion as unopposed and dismiss this case.

Dated at Milwaukee, Wisconsin this 25th day of November, 2019.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge