# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DUSTIN HARWICK**,

    **Plaintiff,**

v.                                                                             Case No. 18-cv-145

**TONIA ROZMARYNOWSKI,** *et al.***,**

    **Defendants.**

## ORDER

Plaintiff Dustin Harwick is representing himself in this 42 U.S.C. § 1983 lawsuit. He was allowed to proceed against defendants Tonia Rozmarynowski, Scott Eckstein, and Alan DeGroot on claims that they violated his First Amendment rights by retaliating against him. His claims are, generally, that Rozmarynowski wrote him a conduct report in retaliation after he told her that he was going to file an inmate complaints against her; that Eckstein removed him from his prison job as a result of his review of that report; and that DeGroot improperly handed his complaints about the conduct report. (*See* Docket # 32.) Back on October 3, 2019, the defendants moved for summary judgment on all of Harwick's claims. (Docket # 51.) I granted Harwick more time to respond to the motion—until December 27, 2019. (Docket # 67.) Instead of a response to the motion for summary judgment, Harwick filed a motion to dismiss his case without prejudice. The defendants oppose his motion to the extent that they believe the case should be dismissed *with* prejudice. I agree.

Without a stipulation from the defendants, Harwick needs leave to dismiss his case. Fed. R. Civ. P. 41(a). And I may grant that leave on terms that I consider proper. Fed. R. Civ. P. 41(a)(2). At this stage, the parties have conducted discovery and the defendants have

prepared—and filed—their motion and supporting materials for summary judgment. Summary judgment is the time in a lawsuit for the parties to "put up or shut up." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). If he cannot, or will not, "put up" the evidence he has, the proper course of action is to dismiss his case with prejudice.

Harwick says he is moving to dismiss because he cannot respond to the defendants' motion because I denied his motions to compel and to extend discovery. However, he cannot shirk his responsibility to prosecute his own case by placing blame on a court ruling; he has had ample to time to conduct discovery and to respond to the defendants' motion. He is choosing not to do so. *See* Civil L.R. 41(c). He cannot now seek a dismissal without prejudice that would allow him to avoid summary judgment by simply refusing to respond to the defendants' motion. The only just and proper outcome is for Harwick's case to be dismissed with prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Harwick's motion to dismiss (Docket # 68) is **GRANTED IN PART**. Harwick's case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 7th day of February, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge